UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNETH GEORGE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: _____ |
| | § | |
| BLUE COAT SYSTEMS, INC. | § | JURY REQUESTED |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW **KENNETH GEORGE**, Plaintiff in the above entitled and numbered cause, complaining of **BLUE COAT SYSTEMS, INC.**, and files this Original Complaint and Demand for Jury Trial, and in support thereof would respectfully show the Court as follows:

### I.

### PARTIES

1.  Plaintiff Kenneth George ("George") is an individual who is a citizen of the State of Texas and resides in Tarrant County, Texas.

2.  Defendant Blue Coat Systems, Inc. ("Blue Coat") is a foreign for-profit corporation doing business in Texas. Blue Coat can be served with process upon its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### II.

### JURISDICTION

3.  The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims arise under the Age Discrimination in Employment Act (the "ADEA") (29 U.S.C. § 621 *et seq.*), as well as 28 U.S.C. § 2201.

4. Blue Coat, at all relevant times, employed more than 500 regular employees and engaged in an industry or enterprise affecting interstate commerce.

## III.

## VENUE

5. Venue of this action is governed by 28 U.S.C. § 1391 and is proper in the Northern District of Texas because George was employed by Blue Coat in Tarrant County, Texas, and the incidents giving rise to this lawsuit occurred in Tarrant County, Texas.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On June 3, 2010, George timely filed with the Equal Employment Opportunity Commission (the "EEOC") a charge of discrimination against Blue Coat, as required under the ADEA and/or the Texas Commission on Human Rights Act ("TCHRA").

7. On August 2, 2011, the EEOC issued its Notice of Right to Sue. Attached hereto as Exhibit "A" and fully incorporated herein for all purposes is a true and correct copy of the August 2, 2011 Notice.

## V.

## FACTUAL BACKGROUND

8. George is fifty-four (54) years of age. At the time of the discriminatory conduct giving rise to this action, George was fifty-three (53) years of age. Defendant is a provider of web security and WAN solutions.

9. In May 2008, Blue Coat acquired Packeteer. When Blue Coat acquired Packeteer, it chose to keep only Packeteer employees who were "top producers." George was one of the Packeteer employees who was asked to stay on and was credited for his years of service, making his hire date February 2006. George was also one of the few employees that was awarded stock options.

10. At Blue Coat, George worked as a Regional Senior Systems Engineer ("SE") in Blue Coat's South Central territory. George was one of seven SE's assigned to the South Central territory and one of four assigned to the Dallas area.

11. In November 2009, George was told that as a result of a re-organization, Blue Coat was undergoing a "reduction in force" ("RIF") and his SE position in Dallas was being eliminated. Specifically, Blue Coat told George that it decided to reduce the headcount of SE's assigned to the Dallas area by one. The result being that, after the RIF, Dallas would have three SE's in the Dallas area instead of four. Blue Coat also told George that it was eliminating an SE position in Houston thereby going from two SE's in Houston to one. Bruce Sealy ("Sealy") was chosen for the RIF in Houston. George (age 53 at the time) and Sealy (age 50 at the time), the two oldest SE's in the South Central territory, were the only two SE positions eliminated in the South Central territory.

12. George, who had never had any performance or disciplinary issues, asked his director, Sam McClain ("McClain"), repeatedly for the criteria used in selecting the individuals for the reduction. McClain was unable to tell George what the selection criteria were, but explained that it was "management's decision." George also asked Beverly Silva ("Silva") in Blue Coat's Human Resources department for the criteria. Likewise, Silva would only tell George that it was "management's decision."

13. Within weeks of the announcement of the RIF and before George's termination became effective, one of George's Dallas counterparts, Scott Friedman, voluntarily resigned, effectively reducing the headcount of SE's assigned to the Dallas area from four to three. With Friedman's resignation, there was no longer a need to terminate George's employment to reduce the Dallas headcount of SE's. George waited to hear that there was no longer a need to eliminate his position since the headcount was reduced with Friedman's resignation.

14. On January 4, 2010, George inquired regarding the alleged headcount reduction

and whether he would replace Scott Friedman in the Dallas area. Although George was told, "you should be considered for the role," Blue Coat did not consider George. While George was still on the payroll and before his termination became effective, Blue Coat posted George's/Friedman's SE position. Blue Coat, however, did not notify George that that, as well as other SE positions, were posted.

15.     The job requirements and criteria for the posted SE position were identical to the position held by George. George also learned that his SE position as well as other SE positions were being posted for positions in Texas, specifically Dallas and Houston. The job requirements and criteria were the same as the SE position which George held and earned excellent reviews in. George again inquired as to why he was not being considered for these positions. On January 11, 2010, Blue Coat's Human Resources confirmed that 2 SE positions were posted as a result of two individuals leaving the SE position, one left the company and the other left for another position within the company. George was told he was "welcome to apply and go through Blue Coats' normal recruiting process for the new open SE roles for the Texas region." Because George was told he was part of a RIF, George believed that response was a mistake. George responded by wanting to know why he would have to apply if he was still employed in that very role.

16.     George never received a response as to why he was not automatically considered for these positions even though he was still employed by Blue Coat.

17.     As an SE, George was an excellent employee. George earned an "exceeds" on his May 2009 performance appraisal. Even when Blue Coat switched to a new reporting tool, the statistics showed George was one of the most heavily utilized SE's in the South Central territory. In comparison to his peers, George was one of the most experienced, skilled, and knowledgeable SE's on the team.

## VI.

## COUNT ONE

## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

18. George incorporates by reference all of the allegations set forth in paragraphs 1 through 17 above.

19. George was discriminated against by Blue Coat because of his age. More specifically, Blue Coat discriminated against George because of his age by laying him off under false pretenses and failing to continue his employment or consider him for the SE role when the reason it gave for termination was no longer true.

20. Based on the foregoing, Blue Coat violated the ADEA, 29 U.S.C. § 621 *et seq.* As a direct and proximate result of Blue Coat's conduct as set forth herein, George has suffered actual and compensatory damages, including back pay, front pay, and loss of benefits within the jurisdictional limits of this Court. George will further show that Blue Coat's conduct as alleged herein was willful entitling George to additional liquidated damages as well as any additional damages to the extent provided under the ADEA.

## VII.

## COUNT TWO

## VIOLATIONS OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

21. George incorporates by reference all of the allegations set forth in paragraphs 1 through 20 above and alleges that Blue Coat violated the TCHRA (TEX. LAB. CODE § 21.001 *et seq.*).

22. The age discrimination alleged above also constitutes willful, knowing, and intentional violations of the TCHRA (TEX. LAB. CODE § 21.001 *et seq.*).

23. As a direct and proximate result of Blue Coat's conduct as set forth herein, George has suffered actual and compensatory damages, including back pay, front pay, and loss

of benefits within the jurisdictional limits of this Court. George will show that Blue Coat's conduct as alleged herein was intentional and that Blue Coat acted with malice and/or reckless indifference entitling Blue Coat to compensatory and punitive damages as well as any additional damages to the extent provided under the TCHRA.

## VIII.

## ATTORNEYS' FEES AND COSTS

24. George incorporates by reference all of the allegations set forth in paragraphs 1 through 23 above.

25. George seeks recovery of his reasonable and necessary attorneys' fees and all costs of court incurred herein pursuant to 29 U.S.C. §§ 216(b), 626(b), as well as Section 21.259 of the Texas Labor Code in the amount of no less than $75,000 through the trial of this cause, an additional $25,000 in the event of an appeal to the Fifth Circuit Court of Appeals, an additional $25,000 in the event a Writ of Certiorari is filed in the Supreme Court, and an additional $15,000 in the event the Writ of Certiorari is granted, with all attorneys' fees on appeal being conditioned upon the appeal of Blue Coat, if any, being unsuccessful.

## IX.

## JURY DEMAND

26. George requests a jury trial.

## X.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, George respectfully prays that Blue Coat be cited to appear and answer herein and that upon final hearing, George have and recover from Blue Coat as follows:

a.  Back pay and front pay within the jurisdictional limits of the Court;

b.  Compensation for loss of employee benefits, including medical, dental, life, 401(k), pension, and retirement benefits;

   c.   Additional compensatory damages for George's mental anguish, pain, and suffering;

   d.   Additional liquidated and exemplary damages;

   e.   Pre- and post-judgment interest at the highest rates allowed by law;

   f.   All reasonable and necessary attorneys' fees incurred as specified herein;

   g.   All costs of court; and

   h.   Such other and further relief, at law or in equity, to which George is justly entitled.

>   Respectfully Submitted,
>
>   __/s/ Nellie G. Hooper_____
>   **NELLIE G. HOOPER**
>   State Bar No. 00798211
>   **BARBARA T. HALE**
>   State Bar No. 24012762
>   **JEFFREY D. SMITH**
>   State Bar No. 24063008
>   **BLANSCET SUTHERLAND**
>   **HOOPER & HALE, L.L.P.**
>   14285 Midway Road, Suite 400
>   Addison, Texas  75001
>   (214) 764-7973
>   (214) 764-7981 (Telecopy)
>
>   **ATTORNEYS FOR PLAINTIFF**
>   **KENNETH GEORGE**